UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZRA DAVE GIPAN MALING,<br><br>Petitioner,<br><br>vs.<br><br>JEH CHARLES JOHNSON, et al.,<br><br>Respondents. | No. 2:16-cv-1263-JAM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, who is proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] He has been in immigration custody pursuant to 8 U.S.C. § 1226(a) since February 6, 2015, and contends that his continued detention has become indefinite.[2] Accordingly, he claims that his detention is not authorized by statute. He seeks federal habeas relief on the following grounds: (1) his continued detention exceeds the government's statutory authority under 8 U.S.C. § 1231(a); (2) his indefinite detention violates his substantive and procedural due process rights under the Fifth Amendment's due process clause; and (3) that his continued detention is punitive

---

[1] The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

[2] As discussed below, petitioner's separate action to stay his removal is pending before the Ninth Circuit Court of Appeals. A temporary stay of his removal has been granted by that court. ECF No. 13, ¶ 1 (citing Ninth Circuit Pet. No. 16-70634 at Dkt No. 26). His request for release on bond was denied by an Immigration Judge and the Board of Immigration Appeals. ECF No. 18.

1

in nature and, therefore, amounts to punishment without due process. Upon careful consideration of the record and the applicable law, it is recommended that petitioner's application for habeas corpus relief be denied.

**I.    Motion to Amend the Petition**

Several months after the filing of his traverse (ECF No. 14) [3] petitioner filed a Motion to Amend the Petition (ECF No. 17). The motion references case law and statutory authorities which petitioner, without any appreciable analysis, offers as support for the arguments raised in his traverse. ECF No. 17 at 2-6. Attached to his motion are various documents including: (1) additional news articles describing killings in the Philippines resulting from President Rodrigo Duterte's war on drugs; (2) a letter from petitioner to the Department of Homeland Security, Office of the Inspector General, complaining about an agent's interview behavior; (3) various letters attesting to petitioner's good character and work ethic; and (4) a copy of his previously filed traverse. *Id*. at 9-61. Lastly, the motion adds an "additional prayer for relief" wherein petitioner asks that this court:

> [O]rder Respondents to release Petitioner from custody immediately under his own recognizance *without conditions*, issue a writ of habeas corpus to have petitioner brought before it to the end that he may be discharged from his unconstitutional confinement and restraint, release on reasonable and affordable bond amounting close to one thousand five hundred dollars ($1,500.00) OR grant such other relief as may be appropriate and to dispose of the matter as law and justice require.

*Id*. at 7 (emphasis added). Petitioner's original request sought release from custody "under reasonable conditions of supervision." ECF No. 1 at 5.

The motion to amend is granted and petitioner will be allowed to substitute his new prayer for relief for the one contained in his original petition. The court will also consider, to the extent they are relevant, the authorities and exhibits contained in his motion to amend.

/////

/////

---

[3] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

**II.     Motion for Injunction**

On March 7, 2017, petitioner filed a motion for injunction.[4] ECF No. 20. The court construes this as a motion for preliminary injunction, insofar as the need for any injunction would be mooted if the immediate petition was granted and he was released from custody. In his motion, petitioner argues that his current detention in Alabama is interfering with his ability to communicate with the attorneys who are representing him before the Ninth Circuit. *Id*. at 2-4. He asks this court to issue an injunction requiring the government to transfer him back to a detention facility in California. *Id*. at 1.

The attorneys with whom petitioner is trying to communicate are representing him in a separate proceeding before the Ninth Circuit, which is considering a motion to stay his removal; they are not representing him in this action. It is well settled that a claim for injunctive relief must relate to the underlying subject matter of the action in which it is filed. *See e.g.*, *Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). Additionally, "[t]he purpose of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits." *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1024 (9th Cir. 2016). Granting this motion would have no bearing on the status of the current case and, accordingly, it must be denied. Further, petitioner has not demonstrated a likelihood of success on the merits. To the contrary, as discussed below, his petition for habeas relief must be denied.

/////

/////

/////

---

[4] Petitioner also filed a request to amend his motion for a preliminary injunction. ECF No. 21. This request alters his simple request for a transfer to a request for: (1) release from imprisonment on supervision or bracelet monitoring; (2) access to a free and private phone line to communicate with his lawyers; (3) a two hour contact visit with his family each month; and (4) a minimum of fourteen hours per week of law library time. *Id*. at 2. As discussed below, these additions to the relief sought do not change the fundamental problem underlying his request for preliminary injunction.

**III. Background**

    **A.    Removal Order and Pending Ninth Circuit Review**

Petitioner is a native of the Philippines and was admitted to the United States on a B-2 visa on March 20, 2003. ECF No. 13-1 ¶ 3. His non-immigrant status changed to that of an R-1 religious worker in June of 2004 and, in June of 2009, he was granted lawful permanent resident status. *Id*. ¶¶ 4-5. As noted, removal proceedings were initiated in February, 2015, after he was charged with attempting to procure a benefit under the Immigration and Nationality Act via fraud or willful misrepresentation of a material fact. *Id*. ¶ 6.

On September 11, 2015, an immigration judge found petitioner removable and ordered him removed to the Philippines. *Id*. ¶ 7; ECF No. 1 at 2. That decision was affirmed by the Board of Immigration Appeals on February 26, 2016 and, on March 7, 2016, petitioner filed a petition for review with the U.S. Court of Appeals for the Ninth Circuit. ECF No. 13-1 ¶¶ 8-9. Petitioner also filed a motion to stay removal and, as of May 25, 2016, the Ninth Circuit has temporarily stayed his removal pending its consideration of that motion. Ninth Circuit Pet. No. 16-70634 at Dkt. No. 26.

    **B.    Immigration Custody**

Petitioner has been in custody pursuant to 8 U.S.C. § 1226(a) since February 6, 2015. ECF No. 13-1 ¶ 11; ECF No. 1 at 2. He received a bond hearing before an immigration judge on March 18, 2015. ECF No. 13-1 ¶ 12. He was denied bond after the immigration judge determined that he was both a danger to the community and a flight risk. *Id*.

Petitioner received a second bond hearing on January 20, 2016, pursuant to *Rodriguez v. Robbins*, 804 F.3d 1060, 1089 (9th Cir. 2015)[5]. ECF No. 13-1 ¶ 13. The immigration judge again found that petitioner was a danger to the community and a flight risk and not suitable for release on bond. *Id*. That January decision was affirmed by the Board of Immigration Appeals on May 16, 2016. *Id*.

---

    [5] "[W]e hold that the government must provide periodic bond hearings every six months so that noncitizens may challenge their continued detention as "the period of . . . confinement grows."" *Id.*

After filing this action, petitioner received a bond hearing (again pursuant to *Rodriguez*) on August 24, 2016.[6] ECF No. 15 ¶ 2. He was again denied bond and, after he appealed that decision, the Board of Immigration Appeals agreed with the immigration judge. ECF Nos. 15 & 17. Petitioner's last bond hearing occurred on March 31, 2017 and, on April 17, 2017, the immigration judge issued an order which again denied petitioner release from detention. ECF Nos. 23 & 23-1.

**IV. Legal Standards**

This action is brought pursuant to 28 U.S.C. § 2241 which empowers district courts to grant habeas relief where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). That authority extends to the requirement that an immigration detainee be provided a meaningful bond hearing. "[A] federal district court has habeas jurisdiction under 28 U.S.C. § 2241 to review *Casas*[7] bond hearing determinations for constitutional claims and legal error." *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011).

Different statutory authorities govern alien detainment for the pre-removal and removal periods. Pre-removal detention is governed by 8 U.S.C. § 1226, which authorizes immigration officials to arrest and detain an alien pending a decision of whether to remove that person from the United States. 8 U.S.C. § 1226(a). The Ninth Circuit's decision in *Casas* requires that aliens held under § 1226(a) be afforded a bond hearing. 535 F.3d at 951. This requirement was elaborated upon in *Rodriguez*, which held that detainees under § 1226(a) are entitled to periodic bond hearings every six months. 804 F.3d at 1089. The court may review such bond hearings only for constitutional claims and legal error and not for discretionary decisions which do not

---

[6] This hearing occurred after the government filed its answer on August 11, 2016 and, accordingly, its references therein to this hearing are prospective. ECF No. 13. On February 14, 2017, respondents filed a status report (ECF No. 18) which included the immigration judge's August 26, 2016 decision to deny petitioner's release on bond. *Id*. (Ex. A). The status report also included a February 6, 2017 immigration board decision which affirmed the immigration judge's August decision. *Id*. (Ex. B).

[7] *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 951 (9th Cir. 2008) ("Because the prolonged detention of an alien without an individualized determination of his dangerousness or flight risk would be constitutionally doubtful, we hold that § 1226(a) must be construed as requiring the Attorney General to provide the alien with [a bond hearing].")

implicate constitutional violations. *See Singh*, 638 F.3d at 1202. Pursuant to § 1226(e) "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. 1226(e); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("The alien may appeal the [immigration judge's] bond decision to the BIA, *see* 8 C.F.R. § 236.1(d)(3), but discretionary decisions granting or denying bond are not subject to judicial review, *see* § 1226(e).").

Once an alien is ordered removed, statutory authority shifts to 8 U.S.C. § 1231. 8 U.S.C. § 1231(a). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). The "removal period" is defined as ninety-days from "the date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). Even if the Attorney General is unable to remove an alien at the conclusion of ninety days, he may still continue that alien's detention beyond the removal period if he or she is determined to be a risk to the community or unlikely to comply with the removal order. 8 U.S.C. § 1231(a)(6).

**V. Analysis**

As noted above, petitioner argues that his continued detention is not statutorily authorized and violates the Constitution. ECF No. 1 at 5. In its answer, the government argues that the petition must be dismissed for two reasons. First, it contends that petitioner is being detained pursuant to 8 U.S.C. § 1226(a) and, therefore he cannot obtain release from custody in this action. ECF No. 13 at 13-15. Instead, it argues, his only remedy is to seek a bond hearing at which the government bears the burden of demonstrating the continued necessity of his detention. *Id*. He had such hearings on August 24, 2016 and March 31, 2017 and the government contends that this petition is now moot. *Id*. Second and in the alternative, the government argues that petitioner failed to exhaust his administrative remedies before filing this action. *Id*. at 16. Specifically, it contends that any adverse decision in petitioner's August 24, 2016 bond hearing must be appealed to the Board of Immigration Appeals before he may pursue this action.[8] *Id*. The court finds that

---

[8] In light of the February 14, 2017 status report, it appears that he has done so. ECF No. 18.

petitioner is not entitled to relief on the merits of his claims.[9] Accordingly, the court declines to reach the government's exhaustion argument.[10]

In his traverse, petitioner concedes that he is being detained under § 1226(a) rather than § 1231, as his petition initially suggested. ECF No. 14 at 2. Accordingly, his claim that the government has exceeded the ninety day period to remove him is without merit. He argues, nevertheless, that the distinctions between these statutes are "blurred and intertwined and therefore combined" in this action because the government will be unable to effect his removal to the Philippines. *Id*. But the procedural posture of this action is clear and does not militate in favor of 'combining' the standards and analysis under sections 1226 and 1231. Petitioner was found removable by both an immigration judge and the Board of Immigration Appeals. Section 1226(a) applies here. Petitioner sought judicial review of BIA's decision before the Ninth Circuit and the matter is pending. As the government correctly points out, petitioner's detention is authorized exclusively by 8 U.S.C. § 1226(a) while he benefits from the Ninth Circuit's

---

[9] In reaching this determination, the court notes that it does not credit the government's argument that the case is mooted simply because petitioner has been scheduled for future bond hearings. ECF No. 13 at 13-15. Petitioner argues that his bond hearings to date have been riddled with legal error and have failed to safeguard his rights. If he were to prevail in these arguments, his remedy would not be more of the same. Rather, he would be entitled to either: (1) release or (2) a bond hearing which applied the proper legal standards and safeguards. *See Singh v. Holder*, 638 F.3d 1196, 1212 (finding that, where immigration judge erred in not requiring the government to show by clear and convincing evidence that petitioner was a danger and a flight risk, the proper remedy was to order petitioner's release unless the government provided that petitioner with a new hearing that met the standards set forth in the Ninth Circuit's opinion.)

[10] "On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). Waiver of exhaustion is appropriate "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc*., 637 F.2d 685, 688 (9th Cir. 1981)). It appears that administrative exhaustion would not be efficacious in this case insofar as petitioner will be scheduled for a bond hearing every six months until either the Ninth Circuit renders its decision or, less likely given the outcome of his prior hearings, he is granted release on bond. Given the length of time it takes to litigate a habeas action to conclusion in federal court, it seems likely that forcing petitioner to fully exhaust an adverse bond determination roughly every six months would effectively preclude his ability to ever litigate the merits of the pending claim. Thus, the administrative exhaustion argument is not persuasive.

temporary stay of removal. *See Prieto-Romero,* 534 F.3d at 1065 ("We therefore hold that § 1226(a) permits [the alien's] continuing detention while he pursues judicial review of his administratively final order of removal.").

In light of the foregoing, this court does not have the power to review the discretionary decisions denying him bond. *Id*. at 1058; *see also* 8 § 1226(e). Instead, it may grant relief only for legal error or a valid constitutional claim. *Singh*, 638 F.3d at 1202. Petitioner has not shown that he is entitled to relief under either theory.

First, petitioner argues that the immigration judge did not "fully consider all my arguments and wealth of corroborating evidence and testimonies" which show that he is not a danger to the community or a flight risk. ECF No. 17 at 2. Instead, he claims that the immigration judge erroneously gave undue weight to the report of an immigration agent who was not called to testify. *Id*. This argument essentially asks the court to impermissibly reweigh the evidence and make credibility determinations. To the extent petitioner alleges that his due process rights were violated when the reporting agent was not called to testify, the court also disagrees. Immigration bond hearings are not, as petitioner appears to argue, bound by the same procedural rules as criminal trials. *See Baliza v. Immigration & Naturalization Service*, 709 F.2d 1231, 1233 (9th Cir. 1983) ("Administrative proceedings are not, however, bound by strict rules of evidence. . . . In the context of a deportation hearing this court has held that the only limitation upon its procedure [is] that a hearing, though summary, must be fair.") (internal citation and quotations omitted); *see also* 8 C.F.R. § 1003.19(d) ("The determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or the Service.").

In a related evidentiary argument, petitioner claims that the immigration judge relied on an unauthenticated arrest warrant issued in the Philippines to support a finding that petitioner is a danger to the community. ECF No. 17 at 4. Petitioner relies on 8 C.F.R. § 287.6(a) for the proposition that official records "shall be evidenced by an official publication thereof, or by a copy attested by the official having legal custody of the record or by an authorized deputy." As the Ninth Circuit noted in *Singh v. Holder*, however, "§ 287.6(a) applies only to a 'proceeding

under this chapter,' which is Chapter I, whereas § 1003.19, which governs bond hearings by immigration judges, is part of Chapter V." 638 F.3d at 1210. As noted above, 8 C.F.R. § 1003.19(d) provides for consideration of any information presented to the immigration judge by either the alien or the government.

Next, petitioner argues that his detention "has no obvious termination point" and therefore contravenes the United States Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). The Supreme Court held in *Zadvydas* that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 699. The fact "that an alien is being held under § 1226(a), and not § 1231(a)(6), does not render *Zadvydas* inapplicable." *Prieto-Romero*, 534 F.3d at 1062. Petitioner has raised two arguments as to why the government will be unable to remove him to the Philippines in the "reasonably foreseeable future."

First, he contends that six months have already elapsed since his removal order was administratively finalized and, second, he argues that the Ninth Circuit lacks a definite time frame for completing its judicial review. ECF No. 1 at 2-4.[11] But petitioner is not entitled to habeas relief merely because his detention is prolonged and lacks a certain end date. In *Prieto-Romero*, the Ninth Circuit explicitly distinguished prolonged detention of the sort petitioner complains of from the indefinite detention addressed by *Zadvydas*. It noted that the aliens in *Zadvydas* had exhausted both administrative and judicial review, but could not be removed either because of their designated countries' refusal to accept them or the lack of a repatriation treaty between the United States and the receiving country. *Prieto-Romero,* 534 F.3d at 1062. The Ninth Circuit

---

[11] Petitioner also raises numerous other arguments which have no bearing on the government's actual ability to remove him, including that: (1) Immigration and Customs Enforcement ("ICE") has violated his rights by detaining him longer than *Zadvydas* allows; (2) that ICE has not satisfied its burden of showing him to be a danger to the public or a flight risk; (3) he does not fall into any statutory category which authorizes indefinite detention; and (4) he is not awaiting trial or serving a sentence in any criminal case. ECF No. 1 at 3-4. He also contends that he "has no felonies or misdemeanors and no criminal history." *Id*. at 4. This claim is belied by the immigration judge's finding that the Philippines had charged petitioner with murder and issued a warrant for his arrest. ECF No. 13-1 at 3-4 ¶12. Additionally, in the event the Ninth Circuit decides against him, he would be removable based on his attempt to procure a benefit under the INA by way of fraud or willful misrepresentation.

went on to distinguish this "removable-but-unremovable limbo" from the plight of an alien whose removal has been delayed by his own pursuit of judicial review. *Id*. at 1063. It noted that judicial review was "subject to strict procedural rules" and this "independent, external constraint is satisfactory assurance that [petitioner's] petition for review will be resolved with reasonable expedition." *Id*. at 1064-1065 (internal quotations and citations omitted).

Second, petitioner argues that "significant changes of conditions" in the Philippines will hamper the government's ability to remove him. In support of this contention, he has attached various news articles which give voice to disturbing concerns about President Duterte's alleged use of extrajudicial killings, both while he was mayor of the city of Davao and in his current position as president of the Philippines. ECF No. 14 at 7-11; ECF No. 17 at 36-61. These concerns, while undoubtedly troubling from a moral and geo-political perspective, provide no indication that the United States would be legally unable to remove him to the Philippines if the Ninth Circuit denies his motion to stay or petition for review. Unlike the aliens in *Zadvydas*, there is simply no evidence that the Philippines would refuse to accept him or that treaty issues would impede the government's removal efforts.

**VI. Conclusion**

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion to amend the petition (ECF No. 17) is granted; and

2. Petitioner's motion to amend preliminary injunction (ECF No. 21) is denied.

Further, it is hereby RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be denied;

2. Petitioner's motion for injunction (ECF No. 20) be denied; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003) (where a court denies a habeas petition, the court may issue a certificate of appealability only if "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.").

DATED: May 4, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE