1

2

3

4

5

6

7                       UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   EZRA DAVID GIPAN MALING,                No.  2:16-cv-1263-JAM-EFB P

11                   Petitioner,

12          v.                               FINDINGS AND RECOMMENDATIONS

13   JEH CHARLES JOHNSON, et al.,

14                   Respondents.

15

16          Petitioner brought this action for writ of habeas corpus seeking release from immigration

17   detention.  The court denied the petition on July 17, 2017.  ECF No. 29.  On July 31, 2017,

18   petitioner filed a "Motion to Make Additional Findings and Amend the Judgment."  ECF No. 31.

19   For the reasons that follow, the motion must be denied.

20          A motion seeking relief from a judgment is governed by either Federal Rule of Civil

21   Procedure 59(e) or 60(b), depending on when the motion is filed.  *Cent. Produce El Jibarito v.*

22   *Luna Commer. Corp.*, 880 F. Supp. 2d 282, 285 (D.P.R. 2012).  If the motion is filed within 28

23   days of entry of judgment, Rule 59(e) governs; otherwise, Rule 60(b) governs.  *Id.*; *see also*

24   *United States v. Comprehensive Drug Testing, Inc.*, 473 F.3d 915, 956 (9th Cir. 2006) (noting that

25   Rule 59(e) controls if the motion is brought within the time limit provided by Rule 59 (which,

26   since 2009, has been 28 days)).  Petitioner's motion was brought within 28 days of entry of

27   judgment here; accordingly Rule 59(e) controls.  That rule provides simply: "A motion to alter or

28   amend a judgment must be filed no later than 28 days after the entry of the judgment."

                                              1

1    Reconsideration of a judgment under Rule 59(e) is an extraordinary remedy that is only

2    rarely appropriate. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  The court

3    has discretion to change the judgment if: (1) the judgment rests on a manifest error of law or fact;

4    (2) newly discovered or previously unavailable evidence requires reconsideration; (3) manifest

5    injustice would otherwise result; or (4) an intervening change in controlling law requires altering

6    the judgment. *Id.*

7    Petitioner argues that the judgment should be reconsidered because: (1) the court failed to

8    accord him the deference due to a pro se litigant; (2) the court refused to consider supplemental

9    materials he submitted after the undersigned recommended that the petition be denied; (3)

10   transcripts of his recent bond hearing constitute new evidence; (4) petitioner is a layman who is

11   less capable of presenting competent briefs; and (5) the court did not review the record carefully

12   enough.  ECF No. 31.  Petitioner does not make a showing that would justify reconsideration of

13   the judgment.  He has not shown an error of law or fact, a change in the law, or a manifest

14   injustice.  Nor has he shown that the more recent bond transcripts would change the court's

15   analysis of his claims.

16   Accordingly, it is hereby RECOMMENDED that petitioner's July 31, 2017 "Motion to

17   Make Additional Findings and Amend the Judgment" (ECF No. 31) be DENIED.

18   These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20   after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

23   shall be served and filed within fourteen days after service of the objections.  Failure to file

24   objections within the specified time may waive the right to appeal the District Court's order.

25   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

26   1991).  In his objections petitioner may address whether a certificate of appealability should issue

27   in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section

28   /////

1   2254 Cases (the district court must issue or deny a certificate of appealability when it enters a

2   final order adverse to the applicant).

3   DATED:  September 5, 2017.

4                                                    EDMUND F. BRENNAN
                                                     UNITED STATES MAGISTRATE JUDGE