UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZRA DAVE GIPAN MALING,<br><br>Petitioner,<br><br>v.<br><br>JEH CHARLES JOHNSON, et al.,<br><br>Respondents. | No. 2:16-cv-1263-JAM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner brought this action for writ of habeas corpus seeking release from immigration detention. The petition was denied on July 17, 2017. ECF No. 29. On July 31, 2017, petitioner filed a "Motion to Make Additional Findings and Amend the Judgment." ECF No. 31. That motion was denied on December 20, 2017. ECF No. 36. On January 2, 2018, petitioner filed a "Motion to Appoint Counsel and Proceed in Forma Pauperis" (ECF No. 37), a "Motion for Release Pending Appeal" (ECF No. 38), and a Notice of Appeal (ECF No. 39). As discussed below, the motions to appoint counsel and to proceed in forma pauperis ("IFP") are denied and it is recommended that petitioner's motion for release be denied.

Appointment of Counsel and In Forma Pauperis Status

I. Request to Proceed IFP

Petitioner's appeal is currently pending before the Ninth Circuit. Nevertheless, "[t]he decision to allow an appeal to proceed IFP remains within the jurisdiction of the trial court after

1

the filing of an appeal." *Zambrano v. Gipson*, No. LA CV 15-01794, 2016 U.S. Dist. LEXIS 124226, 2016 WL 4040649, at *1 (C.D. Cal. July 6, 2016) (citation omitted). And, although the district judge declined to issue a certificate of appealability ("COA") (ECF No. 29), the standard for granting an application to proceed IFP is lower than that for a COA. *See Gardner v. Pogue,* 558 F.3d 548, 550 (9th Cir. 1977) ("To the extent that appellant equates the issuance of a certificate of probable cause[1] with permission to prosecute an appeal in forma pauperis, he has misstated the law. . . . The test for granting a certificate of probable cause is stricter.").

Nevertheless, the court must deny petitioner's current request to proceed IFP. Crucially, he has failed to comply with the requirements of Fed. R. App. P. 24(a)(1).[2] He has not provided the required affidavit or otherwise shown his inability to pay or to give security for fees and costs. Fed. R. App. P. 24(a)(1)(A). Rather, he simply states that his savings have "been siphoned by the legal expenses [he] has incurred" and that he has "no way of paying for the court fees." ECF No. 37 at 2. The appellate rules require an affidavit that "shows the detail prescribed by Form 4 of the Appendix of Forms." Fed. R. App. P. 24(a)(1)(A). That required detail is far greater than what petitioner has provided. Thus, petitioner's request to proceed IFP will be denied without prejudice.

II. Request for Appointment of Counsel

A district court may appoint counsel for financially eligible petitioners seeking relief under 28 U.S.C. § 2241 when the interests of justice so require. *See* 18 U.S.C. § 3006A (a)(2). The court finds that the interests of justice do not militate in favor of appointment in this case. Notably, the court has already denied the current petition and declined to issue a certificate of appealability. ECF No. 29. Additionally, petitioner's claims are neither novel nor complex and, based on his petition, he appears capable of articulating those claims himself.

/////

---

[1] The certificate of probable cause was the pre-AEDPA predecessor of a COA. *See Gonzales v. Thaler*, 565 U.S. 134, 142 n.3 (2012).

[2] The court notes that petitioner does not fall under Rule 24's "Prior Approval" provision (Fed. R. App. P. 24(a)(3)) insofar as he previously paid the full filing fee in this case.

## Motion for Release Pending Appeal

Petitioner also requests, pursuant to Fed. R. App. P. 23(b),[3] he be released on "reasonable bond and/or reasonable conditions on (sic) supervision." ECF No. 38 at 2. The Ninth Circuit has previously held that the applicable standard for evaluating such a request is:

> the traditional standard for interim injunctive relief, [according to which] the moving party must show either (1) a probability of success on the merits and the possibility of irreparable harm, or (2) that serious legal questions are raised and the balance of hardships tips sharply in the moving party's favor.

*Nadarajah v. Gonzales*, 443 F.3d 1069, 1083 (9th Cir. 2006). As noted in the foregoing section, this court has already denied petitioner's claims and declined to issue a certificate of appealability. For the same reasons that the petition was denied and no certificate was issued, the court concludes that petitioner's probability of success on the merits is low.

Addressing the irreparable harm prong, petitioner argues that he has spent more than 34 months in "prison-like detention" and the failure to release him pending the outcome of his appeal would cause him to "be suffering irreparable harm further (sic)." While the loss of personal liberty even for limited duration is irreparable, this prong must be viewed in the context full of detention considerations under Fed. R. App. P. 23(b). Petitioner argues that: (1) he considers this country his home; (2) his family members are United States citizens or lawful permanent residents; and (3) that he goes to school, church, and works in Northern California. ECF No. 38

---

[3] The Rule Provides:

> (b) Detention or Release Pending Review of Decision Not to Release.
>
> While a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be:
>
> (1) detained in the custody from which release is sought;
>
> (2) detained in other appropriate custody;
>
> (3) *released on personal recognizance, with or without surety.*

Fed. R. App. P. 23(b) (emphasis added).

at 2. These are important considerations but do not take account of the government's rationale for his continued detention. A recent decision of the Board of Immigration Appeals determined that petitioner was ineligible for bond because he was a flight risk. ECF No. 35 at 12-13. It noted that petitioner "fled his native Philippines to avoid a pending homicide charge" and affirmed the Immigration Judge's determination that petitioner's flight risk could not be allayed by electronic monitoring. ECF No. 35 at 12-13. The court concludes that petitioner's ties to Northern California and his desire to return to the area do not outweigh the government's interest in mitigating risk of flight.

## Conclusion

For the reasons stated above, it is ORDERED that:

1. Petitioner's motion to appoint counsel (ECF No. 37) is DENIED without prejudice; and

2. Petitioner's motion to proceed in forma pauperis on appeal (ECF No. 37) is DENIED without prejudice. The Clerk of the Court is directed to serve a copy of this order on the United States Court of Appeals for the Ninth Circuit, and petitioner is hereby informed that he may file a motion to proceed in forma pauperis in the United States Court of Appeals for the Ninth Circuit. *See* Fed. R. App. P. 24(a)(5).

Further, it is RECOMMENDED that petitioner's motion for release pending appeal (ECF No. 38) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file

/////

/////

/////

objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 21, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE